Robert G. Bernhoft
Wisconsin State Bar No. 1032777
The Bernhoft Law Firm, S.C.
207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333 telephone
(414) 276-2822 facsimile
rgbernhoft@bernhoftlaw.com
*Pro hac vice* application pending



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 30 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Jim Wimberly, Jr. (local counsel)
Lenox Towers, Suite 400
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 365-0900 telephone
(404) 261-3707 facsimile

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GERARD MARCHELLETTA, SR.,  )
GERARD MARCHELLETTA, JR.,  )
CIRCLE GROUP, LLC,  )
and CIRCLE INDUSTRIES, INC.,  )
                              )
           Plaintiffs,        )
                              )
           v.                 )
                              )
INTERNAL REVENUE SERVICE,     )
                              )
           Defendant.         )
_____)

# 1 09-CV-3037

Civil Case No. _____

**COMPLAINT**

1

## INTRODUCTION

Gerard Marchelletta ("Marchelletta, Sr.") and Gerard Marchelletta, Jr. ("Marchelletta, Jr.") have filed multiple requests for documents with the Internal Revenue System under the Freedom of Information Act and the Privacy Act. The Internal Revenue System ("IRS") has failed to supply the requested documents in violation of the Freedom of Information Act.

## FACTS

1.      An agency is required to release within 20 days requested documents under the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 552(a)(6)(A)(i). An agency is required to release requested documents under the Privacy Act ("PA"). *See* 5 U.S.C. § 552a(d).

2.      Marchelletta, Sr. and Marchelletta, Jr. have submitted multiple requests to the IRS for documents.

3.      The IRS is an agency under the FOIA and is required to release documents. *See* 5 U.S.C. §§ 552(f)(1) and 552a(a)(1).

## GERARD MARCHELLETTA, JR.

4.      On April 30, 2009, Marchelletta, Jr. submitted to the IRS a FOIA request for:[1] (1) a complete copy of the system of records identified as

---

[1]  Throughout this Complaint, "FOIA request" includes Privacy Act requests.

"Treasury/IRS 26.006," Form 2209, Courtesy Investigations, OP:C--Treasury/IRS, bearing Marchelletta, Jr.'s name and/or account number for the years 1999 through 2008; (2) a complete copy of the records, documents and information's maintained in a system of records called "Case Management and Time Reporting System," Criminal Investigation Division-Treasury/IRS 46.002 bearing Marchelletta, Jr.'s name and/or account number for the years 1999 through 2008; and (3) a complete copy of the system of records identified as "Treasury/IRS 46.051" Criminal Investigation Audit Trail Records System, bearing Marchelletta, Jr.'s name and/or account number for the years 1999 through 2008. (Ex. 1.)

5.    On May 2, 2009, Marchelletta, Jr. submitted to the IRS a FOIA request for a copy of Form 2797 entitled Referral Report for Potential Fraud Cases and any attachments filed thereto and a copy of any other documents in his file that were drafted by any IRS employee referring Marchelletta, Jr.'s file to the Criminal Investigation Division. (Ex. 2.)

6.    On June 2, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the April 30, 2009 FOIA request and indicated he was unable to send the information requested by June 17, 2009, the statutory response date to fulfill the request. Additionally, after extending the statutory response date until July 3, 2009, Mr. Christian advised that after July 3, 2009 suit

3

could be filed on behalf of the requestor. (Ex. 3.)

7.      On June 8, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the May 2, 2009 FOIA request and although Marchelletta, Jr. was indicted, tried and convicted of tax crimes in the N.D. Georgia, Atlanta Division (Case No. 1:07-CR-107-TCB), Mr. Christian indicated there were no documents specifically responsive to the request. (Ex. 4.)

8.      On July 1, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS asked for more time to obtain the requested records pursuant to the April 30, 2009 request, as he needed more time to locate them. Mr. Christian indicated he would contact The Bernhoft Law Firm by July 30, 2009 if he were unable to complete the request. (Ex. 5.)

9.      On July 30, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS advised that he was still working on the request and needed additional time to August 28, 2009. (Ex. 6.)

10.     On August 19, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS admitted that approximately 20 boxes of documents related to the April 30, 2009 FOIA request had been located but issued a full denial of the requests and failed to release any documents on the grounds that:

a.  FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that such production of such records could interfere with enforcement proceedings.

b.  Disclosure of this information is also exempt under FOIA subsection (b)(3) supported by Internal Revenue Code §6103(e)(7), because release would impair federal tax administration.

c.  FOIA exemption (b)(7)(E) exempts from disclosure records or information compiled for law enforcement purposes to the extent their production would reveal: Techniques and procedures for law enforcement investigations or prosecutions. Guidelines for law enforcement investigations or prosecutions, if released could reasonably be expected to risk circumvention of the law.

d.  FOIA exemption (b)(7)(F) exempts from disclosure records or information that could reasonably be expected to endanger the life or physical safety of any individual.

e.  FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is 26 U.S.C. 6103(b)(2)(a).

(Ex. 7.)

11.     The refusal by the IRS to release any documents disregards the requirement that the IRS segregate and release any documents that do not fall under a FOIA exemption. *See* 5 U.S.C. § 552(b).

12.     On September 9, 2009, Marchelletta, Jr. filed an Administrative Appeal to overturn the denial of the documents identified within the April 30, 2009 request. (Ex. 8.)

5

13.     On October 16, 2009, Appeals Officer Ronald Collet indicated the

Administrative Appeal documents had been received by IRS FOIA Appeals on

September 10, 2009. However, he further stated, "It may take several weeks to

retrieve the pertinent documents from the Disclosure Office. We will then

complete our review and notify you in writing of our decision and any judicial

remedies that may be available to you." IRS FOIA Appeals has had over the 20

business days required by statute to complete the consideration of appeal. As Mr.

Collet advised, "If we are unable to complete your case in that time frame, you

may seek judicial review…" (Ex. 9.)

14.     The IRS has failed to release documents requested April 30, 2009 and

May 2, 2009 to Marchelletta, Jr. as required. *See* 5 U.S.C. §§ 552(a)(6)(A) and

552a(d).

## GERARD MARCHELLETTA, SR.

15.     On April 29, 2009, Marchelletta, Sr. submitted to the IRS a FOIA

request for: (1) a complete copy of the system of records identified as

"Treasury/IRS 26.006," Form 2209, Courtesy Investigations, OP:C--Treasury/IRS,

bearing Marchelletta, Sr.'s name and/or account number for the years 1999 through

2008;  (2) a complete copy of the records, documents and information's maintained

in a system of records called "Case Management and Time Reporting System,"

Criminal Investigation Division-Treasury/IRS 46.002 bearing Marchelletta, Sr.'s name and/or account number for the years 1999 through 2008; and (3) a complete copy of the system of records identified as "Treasury/IRS 46.051" Criminal Investigation Audit Trail Records System, bearing Marchelletta, Sr.'s name and/or account number for the years 1999 through 2008. (Ex. 10.)

16.     On May 1, 2009, Marchelletta, Sr. submitted to the IRS a FOIA request for a copy of Form 2797 entitled Referral Report for Potential Fraud Cases and any attachments filed thereto and a copy of any other documents in his file that were drafted by any IRS employee referring Marchelletta, Sr.'s file to the Criminal Investigation Division. (Ex. 11.)

17.     On June 2, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the April 29, 2009 FOIA request and indicated he was unable to send the information requested by June 17, 2009, the statutory response date to fulfill the request.  Additionally, after extending the statutory response date until July 3, 2009, Mr. Christian advised that after July 3, 2009 suit could be filed on behalf of the requestor. (Ex. 12.)

18.     On June 8, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the May 1, 2009 FOIA request and although Marchelletta, Sr. was indicted, tried and convicted of tax crimes in the N.D.

7

Georgia, Atlanta Division (Case No. 1:07-CR-107-TCB), Mr. Christian indicated there were no documents specifically responsive to the request. (Ex. 13.)

19.    On July 1, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the April 29, 2009 FOIA request and requested until July 30, 2009 to fulfill the FOIA request. (Ex. 14.)

20.    On July 30, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the April 29, 2009 FOIA request (the letter indicates a May 4, 2009 request however, the April 29, 2009 request was *received* by the FOIA disclosure office on May 4, 2009) and requested until August 28, 2009 to fulfill the FOIA request. (Ex. 15.)

21.    On August 19, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS admitted that approximately 20 boxes of documents related to the April 29, 2009 FOIA request had been located but issued a full denial of the requests and failed to release any documents on the grounds that:

  a.  FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that such production of such records could interfere with enforcement proceedings.

8

b. Disclosure of this information is also exempt under FOIA subsection (b)(3) supported by Internal Revenue Code §6103(e)(7), because release would impair federal tax administration.

c. FOIA exemption (b)(7)(E) exempts from disclosure records or information compiled for law enforcement purposes to the extent their production would reveal: Techniques and procedures for law enforcement investigations or prosecutions. Guidelines for law enforcement investigations or prosecutions, if released could reasonably be expected to risk circumvention of the law.

d. FOIA exemption (b)(7)(F) exempts from disclosure records or information that could reasonably be expected to endanger the life or physical safety of any individual.

e. FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is 26 U.S.C. 6103(b)(2)(a).

(Ex 16.)

22.    The refusal by the IRS to release any documents disregards the

requirement that the IRS segregate and release any documents that do not fall

under a FOIA exemption. *See* 5 U.S.C. § 552(b).

23.    On September 9, 2009, Marchelletta, Sr. filed an Administrative

Appeal to overturn the denial of the documents identified within the April 29, 2009

request. (Ex. 8.)

24.    On October 16, 2009 Appeals Officer Ronald Collet indicated the

Administrative Appeal documents had been received on September 10, 2009.

However, he further stated, "It may take several weeks to retrieve the pertinent

documents from the Disclosure Office. We will then complete our review and notify you in writing of our decision and any judicial remedies that may be available to you." IRS FOIA Appeals has had over the 20 business days required by statute to complete the consideration of appeal. As Mr. Collet advised, "If we are unable to complete your case in that time frame, you may seek judicial review…" (Ex. 9.)

25.    The IRS has failed to release documents requested April 29, 2009 and May 1, 2009 to Marchelletta, Sr. as required. *See* 5 U.S.C. §§ 552(a)(6)(A) and 552a(d).

## CIRCLE GROUP, LLC

26.    Marchelletta, Sr. and Marchelletta, Jr. are majority shareholders of The Circle Group, LLC and can make FOIA requests regarding The Circle Group, LLC.

27.    On April 30, 2009, Marchelletta, Sr. and Marchelletta, Jr. for The Circle Group, LLC submitted to the IRS a FOIA request for: (1) a complete copy of the system of records identified as "Treasury/IRS 26.006," Form 2209, Courtesy Investigations, OP:C--Treasury/IRS, bearing The Circle Group, LLC's name and/or account number for the years 1999 through 2008; (2) a complete copy of the records, documents and information's maintained in a system of records called

"Case Management and Time Reporting System," Criminal Investigation Division-Treasury/IRS 46.002 bearing The Circle Group, LLC's name and/or account number for the years 1999 through 2008; and (3) a complete copy of the system of records identified as "Treasury/IRS 46.051" Criminal Investigation Audit Trail Records System, bearing The Circle Group, LLC's name and/or account number for the years 1999 through 2008. (Ex 17.)

28.    On June 12, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the April 30, 2009 FOIA request and indicated he was unable to send the information requested by July 6, 2009, the statutory response date to fulfill the request. Additionally, after extending the statutory response date until July 23, 2009, Mr. Christian advised that after July 23, 2009 suit could be filed on behalf of the requestor. (Ex. 18.)

29.    On July 23, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the April 30, 2009 FOIA request and requested until August 14, 2009 to fulfill the FOIA request. Note the EIN number is incorrect but the date of the original FOIA request is April 30, 2009. (Ex. 19.)

30.    On August 14, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the April 30, 2009 FOIA request and requested until August 28, 2009 to fulfill the FOIA request. (Ex. 20.)

31.   On August 19, 2009, Tim D. Christian, Disclosure Manager,

Disclosure Office 08, of the IRS admitted that approximately 20 boxes of

documents related to the April 30, 2009 FOIA request had been located but issued

a full denial of the request and failed to release any documents on the grounds that:

a. FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that such production of such records could interfere with enforcement proceedings.

b. Disclosure of this information is also exempt under FOIA subsection (b)(3) supported by Internal Revenue Code §6103(e)(7), because release would impair federal tax administration.

c. FOIA exemption (b)(7)(E) exempts from disclosure records or information compiled for law enforcement purposes to the extent their production would reveal: Techniques and procedures for law enforcement investigations or prosecutions. Guidelines for law enforcement investigations or prosecutions, if released could reasonably be expected to risk circumvention of the law.

d. FOIA exemption (b)(7)(F) exempts from disclosure records or information that could reasonably be expected to endanger the life or physical safety of any individual.

e. FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is 26 U.S.C. 6103(b)(2)(a).

(Ex. 21.)

32.   The full denial of the requests by the IRS disregards the requirement

that the IRS segregate and release any documents that do not fall under a FOIA

exemption. *See* 5 U.S.C. § 552(b).

33.    On September 9, 2009, Marchelletta, Jr. and Marchelletta Sr., on behalf of The Circle Group, LLC, filed an Administrative Appeal to overturn the denial of the documents identified within the April 30, 2009 request.  (Ex. 8.)

34.    On October 16, 2009 Appeals Officer Ronald Collet indicated the Administrative Appeal documents had been received on September 10, 2009. However, he further stated, "It may take several weeks to retrieve the pertinent documents from the Disclosure Office. We will then complete our review and notify you in writing of our decision and any judicial remedies that may be available to you."  IRS FOIA Appeals has had over the 20 business days required by statute to complete the consideration of appeal.  As Mr. Collet advised, "If we are unable to complete your case in that time frame, you may seek judicial review..." (Ex. 9.)

35.    The IRS has failed to release documents requested April 30, 2009 to Marchelletta, Sr. and Marchelletta, Jr. for The Circle Group, LLC as required.  *See* 5 U.S.C. §§ 552(a)(6)(A) and 552a(d).

## CIRCLE INDUSTRIES, INC.

36.    Marchelletta, Sr. and Marchelletta, Jr. are majority shareholders of Circle Industries, Inc. and can make FOIA requests regarding Circle Industries,

13

Inc.

37.    On May 5, 2009, Marchelletta, Sr. and Marchelletta, Jr. for Circle Industries, Inc. submitted to the IRS a FOIA request for: (1) a complete copy of the system of records identified as "Treasury/IRS 26.006," Form 2209, Courtesy Investigations, OP:C--Treasury/IRS, bearing Circle Industries, Inc.'s name and/or account number for the years 1999 through 2008;  (2) a complete copy of the records, documents and information's maintained in a system of records called "Case Management and Time Reporting System," Criminal Investigation Division-Treasury/IRS 46.002 bearing Circle Industries, Inc.'s name and/or account number for the years 1999 through 2008; and  (3) a complete copy of the system of records identified as "Treasury/IRS 46.051" Criminal Investigation Audit Trail Records System, bearing Circle Industries, Inc.'s name and/or account number for the years 1999 through 2008.  (Ex. 22.)

38.    On June 11, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the May 5, 2009 FOIA request and indicated he was unable to send the information requested by June 25, 2009, the statutory response date to fulfill the request.  Additionally, after extending the statutory response date until July 10, 2009, Mr. Christian advised that after July 10, 2009 suit could be filed on behalf of the requestor. (Ex. 23.)

39.    On July 10, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the May 5, 2009 FOIA request and requested until July 30, 2009 to fulfill the FOIA request. (Ex. 24.)

40.    On July 30, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS replied to the May 5, 2009 FOIA request and requested until August 28, 2009 to fulfill the FOIA request. (Ex. 25.)

41.    On August 19, 2009, Tim D. Christian, Disclosure Manager, Disclosure Office 08, of the IRS admitted that approximately 20 boxes of documents related to the May 5, 2009 FOIA request had been located but issued a full denial of the requests and failed to release any documents on the grounds that:

a.  FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that such production of such records could interfere with enforcement proceedings.

b.  Disclosure of this information is also exempt under FOIA subsection (b)(3) supported by Internal Revenue Code §6103(e)(7), because release would impair federal tax administration.

c.  FOIA exemption (b)(7)(E) exempts from disclosure records or information compiled for law enforcement purposes to the extent their production would reveal: Techniques and procedures for law enforcement investigations or prosecutions. Guidelines for law enforcement investigations or prosecutions, if released could reasonably be expected to risk circumvention of the law.

15

d. FOIA exemption (b)(7)(F) exempts from disclosure records or information that could reasonably be expected to endanger the life or physical safety of any individual.

e. FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is 26 U.S.C. 6103(b)(2)(a).

(Ex. 26.)

42.    The full denial of the requests by the IRS disregards the requirement that the IRS segregate and release any documents that do not fall under a FOIA exemption. *See* 5 U.S.C. § 552(b).

43.    On September 9, 2009, Marchelletta, Jr. and Marchelletta Sr., on behalf of Circle Industries, Inc., filed an Administrative Appeal to overturn the denial of the documents identified within the May 5, 2009 request. (Ex. 8.)

44.    On October 16, 2009 Appeals Officer Ronald Collet indicated the Administrative Appeal documents had been received on September 10, 2009. However, he further stated, "It may take several weeks to retrieve the pertinent documents from the Disclosure Office. We will then complete our review and notify you in writing of our decision and any judicial remedies that may be available to you." IRS FOIA Appeals has had over the 20 business days required by statute to complete the consideration of appeal. As Mr. Collet advised, "If we are unable to complete your case in that time frame, you may seek judicial

review…" (Ex. 9.)

45.     The IRS has failed to release documents requested May 5, 2009 to Marchelletta, Sr. and Marchelletta, Jr. for Circle Industries, Inc. as required. *See* 5 U.S.C. §§ 552(a)(6)(A) and 552a(d).

## JURISDICTION AND VENUE

46.     This is a civil action seeking injunctive and other legal and equitable relief and the Court has jurisdiction of the subject matter of this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6), 5 U.S.C. § 552a(g), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

47.     Venue of this action is properly in this district pursuant to 5 U.S.C. § 552(a)(4)(B) on the ground the plaintiffs reside in this district or have their principal place of business in this district.

## THE PARTIES

48.     Gerard Marchelletta, Sr. is a resident of the State of Georgia and is competent to bring this action.

49.     Gerard Marchelletta, Jr. is a resident of the State of Georgia and is competent to bring this action.

50.     Defendant, Internal Revenue Service ("IRS"), is a component of the Department of the Treasury which is a Department of the Executive Branch of the

United States Government and an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 552a(a)(1).

## COUNT ONE:  VIOLATION OF THE FOIA
## FOR FAILURE TO PROMPTLY MAKE RECORDS AVAILABLE

51.    Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.    Pursuant to the Freedom of Information Act, the IRS has an obligation to make requested records promptly available unless specifically exempted by the FOIA.

53.    Defendant's refusal to release any documents from approximately 20 boxes of documents is overbroad, arbitrary and capricious in violation of the FOIA.

54.    Defendant's failure to segregate and release any documents not specifically exempted violates the FOIA.  Defendant has provided no index of the documents withheld.

55.    Defendant's failure to provide any information that would allow Plaintiff to determine if withheld documents are truly within a FOIA exemption violates the FOIA.

56.    The Defendant's actions and failure to make the requested documents available to the Plaintiff violates the FOIA.

18

## COUNT TWO:  ATTORNEYS' FEES FOR
## GROSS FAILURE TO COMPLY WITH FOIA MANDATES

57.     Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Pursuant to the Freedom of Information Act, Defendant is required to make its determination of an FOIA request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of such request.

59.     The Defendant's failure to provide requested documents violates the FOIA.

60.     The Defendant's failure to abide by its FOIA obligations caused the Plaintiffs to incur substantial attorneys' fees in pursuing their statutory rights to obtain the requested documents.

61.     The Defendant has acted in bad faith and with unreasonable and substantial delay, needlessly requiring the Plaintiffs to incur substantial attorneys' fees in pursuing their rights under the FOIA.

62.     5 U.S.C. § 552(a)(4)(E)(i) authorizes attorneys' fees against the United States in FOIA cases.

63.     The Defendant's bad faith and unreasonable and substantial delay entitles the Plaintiffs to all attorneys' fee and other expenses incurred in pursuing its Freedom of Information Act request.

## COUNT THREE:  VIOLATION OF THE PA
## FOR FAILURE TO PROMPTLY MAKE RECORDS AVAILABLE

64.    Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.    Pursuant to the Privacy Act, the IRS has an obligation to make requested records promptly available unless specifically exempted by the PA.

66.    Defendant's refusal to release any documents from approximately 20 boxes of documents is overbroad, arbitrary and capricious in violation of the PA.

67.    Defendant's failure to segregate and release any documents not specifically exempted violates the PA.  Defendant has provided no index of the documents withheld.

68.    Defendant's failure to provide any information that would allow Plaintiff to determine if withheld documents are truly within a PA exemption violates the PA.

69.    The Defendant's actions and failure to make the requested documents available to the Plaintiff violates the PA.

## COUNT FOUR:  ATTORNEYS' FEES FOR
## GROSS FAILURE TO COMPLY WITH PA MANDATES

70.    Plaintiffs incorporate by this reference all allegations contained in paragraphs 1 through 69 of this Complaint as if fully set forth herein.

20

71.    Pursuant to the Privacy Act, Defendant is required to provide access to any information pertaining to him which is contained in the agency's system upon request of the individual. *See* 5 U.S.C.§ 552a(d)(1).

72.    The Defendant's failure to provide requested documents violates the PA.

73.    The Defendant's failure to abide by its PA obligations caused the Plaintiffs to incur substantial attorneys' fees in pursuing their statutory rights to obtain the requested documents.

74.    The Defendant has acted in bad faith and with unreasonable and substantial delay, needlessly requiring the Plaintiffs to incur substantial attorneys' fees in pursuing their rights under the PA.

75.    5 U.S.C. § 552a(g)(2)(B) authorizes attorneys' fees against the United States in PA cases.

76.    The Defendant's bad faith and unreasonable and substantial delay entitles the Plaintiffs to all attorneys' fee and other expenses incurred in pursuing its Freedom of Information Act request.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court:

(1)    That this Court order the Defendant to, without objection or

21

reservation, provide the Plaintiff with requested documents. Additionally, the Defendant has not provided the Plaintiff with any "unusual circumstance" which may preclude the expeditious provision of the requested materials. *See* U.S.C. § 552(a)(6)(B)(iii). As such, the Defendant has improperly withheld the requested documents.

(2)     That this Court award the Plaintiffs all attorneys' fees and costs incurred in pursuing this action, as well as all other expenses incurred from the Defendant's delay in processing the Plaintiffs' FOIA and PA requests, pursuant to 5 U.S.C. § 552(a)(4)(E)(i), 5 U.S.C. § 552a(g)(2)(B), and Rule 11 of the Federal Rules of Civil Procedure.

(3)     That this Court declare that the actions of the Internal Revenue Service violated the FOIA and PA, that the failure to provide information was arbitrary and capricious, and instruct Special Counsel to institute disciplinary proceedings pursuant to 5 U.S.C. § 552(a)(4)(F) and impose damages and attorneys fees and litigation costs pursuant to 5 U.S.C. § 552a(g)(4).

(4)     That this Court issue any and all other relief to the Plaintiffs as it deems just and proper.

Respectfully submitted on this the 29th day of October 2009.

> THE BERNHOFT LAW FIRM, S.C.
> Attorneys for the Plaintiffs
>
> By: _Robert G. Bernhoft_
> Robert G. Bernhoft
> Wisconsin State Bar No. 1032777
> (*pro hac vice* pending)
>
> 207 East Buffalo Street, Suite 600
> Milwaukee, Wisconsin 53202
> (414) 276-3333 telephone
> (414) 276-2822 facsimile
> rgbernhoft@bernhoftlaw.com

Robert G. Bernhoft
Wisconsin State Bar No. 1032777
The Bernhoft Law Firm, S.C.
207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333 telephone
(414) 276-2822 facsimile
rgbernhoft@bernhoftlaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| GERARD MARCHELLETTA, SR., | ) | |
| GERARD MARCHELLETTA, JR., | ) | |
| CIRCLE GROUP, LLC, | ) | |
| and CIRCLE INDUSTRIES, INC., | ) | |
| | ) | Civil Case No. **1** 09 - CV - 3037 |
| v. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is to certify the above "Complaint" was served on the Internal Revenue

Service, an agency of the United States, the civil processing clerk at the United

States Attorney's Office, Northern District of Georgia Atlanta Division and the

Attorney General of the United States, via certified mail pursuant to Fed R. Civ.

Pro. 4(i), 4(i)(1), 4(i)(1)(A)(i), and 4(i)(1)(B) at the following addresses:

Internal Revenue Service
Attention CC:PA
1111 Constitution Avenue, N.W.
Washington D.C., 20224

United States Attorney General Eric Holder
c/o United States Department of Justice
950 Pennsylvania Avenue
Washington, D.C. 20530

United States Attorney
75 Spring Street, S.W.
Suite 600
Atlanta, Georgia 30303

DATED this 29th day of October 2009.

THE BERNHOFT LAW FIRM, S.C.
Attorneys for the Plaintiffs

By: _____
Robert G. Bernhoft
Wisconsin State Bar No. 1032777

207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333  telephone
(414) 276-2822  facsimile
rgbernhoft@bernhoftlaw.com