IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERALD MARCHELLETTA, SR., | ) | |
| GERALD MARCHELLETTA, JR., | ) | |
| CIRCLE GROUP, LLC, and | ) | |
| CIRCLE INDUSTRIES, INC., | ) | CIVIL ACTION FILE |
| | ) | |
| Plaintiffs, | ) | NUMBER 1:09-cv-3037-TCB |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant Internal Revenue Service's motion to
stay the case [41] pending resolution of the individual Plaintiffs' criminal
case, Criminal Action Number 1:07-cr-107-TCB.  The IRS's motion was
prompted, in part, by Plaintiffs' requests for the depositions of the
following people: (1) former assistant United States Attorney Daniel Griffin,
(2) special agent in charge Reginael McDaniel, (3) special agent Patricia
Bergstrom, (4) former special agent in charge Andre Martin, (5) Customs

agent Kimberly Sellers, (6) disclosure specialist Valdine Young, and (7) disclosure manager Timothy Christian.

A district court has broad discretion to stay proceedings as an incident to its power to control the cases on its down docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Eleventh Circuit has cautioned, however, that "a court may stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua Cnty. Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entm't, Inc. v. A.S.P.C.A.,* 523 F.Supp.2d 1, 3 (D.D.C. 2007).

A court specifically looks to (1) the interest of the plaintiffs in proceeding expeditiously with the civil litigation and the potential prejudice caused by a delay; (2) the burden the civil proceeding may impose on defendants; (3) convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interest of non-parties to the civil case; and (5) the public interest in the pending civil and criminal

litigation. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995). Courts have also considered the degree to which the issues in the civil and criminal proceedings overlap and found that this issue is the "most important threshold issue in deciding whether the court should stay the civil proceeding." *Sec. Exch. Comm'n v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003); *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998).

The IRS contends that a stay of this FOIA case is necessary because (1) progression of the FOIA case will interfere with the Government's criminal prosecution of the individual Plaintiffs by allowing Plaintiffs to circumvent the criminal discovery process through FOIA discovery; (2) the stay will protect the public's interest in seeing the just resolution of the criminal matter, which is of greater important than resolution of the FOIA dispute; (3) judicial resources will be conserved because the criminal trial could resolve issues in the FOIA case and the Court can avoid the numerous discovery disputes that are likely to arise in this case; and (4) the individual Plaintiffs' private interests will not be prejudiced by staying the FOIA case.

Furthermore, with respect to its first contention, the IRS identifies five ways that discovery in the FOIA case will disrupt the criminal case. The

IRS contends that the FOIA case will (1) distract law enforcement witnesses from assisting the United States Attorney's Office in preparing the Government's prosecution strategy for the retrial; (2) intimidate lay witnesses, even if it is not Plaintiffs' intent to do so; (3) shape lay witnesses' recollections outside of the criminal context; (4) unjustly allow Plaintiffs to circumvent the stricter Federal Rules of Criminal Procedure governing discovery, particularly those requiring Court approval to depose witnesses; and (5) give Plaintiffs an unfair advantage by allowing them the opportunity to set up their criminal cross-examinations, which criminal defendants are not permitted to use discovery in criminal cases to do.

Plaintiffs respond that the IRS filed this motion in order to continue to hide documents and thus a stay is improper because the Government can never use the pendency of a criminal case to hide or withhold documents. Plaintiffs also contend that they will suffer prejudice if a stay is entered in the form of delayed relief, disappearing documents, fading recollections of witnesses, and the cover-up of ongoing government misconduct.  Finally, Plaintiffs assert that it is impossible for the FOIA case to interfere with the criminal case because the criminal case has already been tried and is still on appeal.

After careful consideration of both parties' arguments and application of the above factors, the Court finds that a stay is appropriate. Accordingly, the IRS's motion [41] is GRANTED. The Clerk is DIRECTED to administratively close the case. Within thirty days of the resolution of the criminal case, the parties may move to reopen this case.[1]

IT IS SO ORDERED this 2nd day of March, 2011.

Timothy C. Batten, Sr.
United States District Judge

---

[1] Administratively closing a case is a docket control device used by the Court for statistical purposes. Parties need only file a motion to reopen the case before the deadline indicated. In addition, this order will not prejudice the rights of the parties to this litigation in any manner.